THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD LAY, et al. | : |
| Plaintiffs | : |
| v. | : 3:11-cv-1543 |
| | : (JUDGE MARIANI) |
| RON E. BUMPASS, ESQ. | : |
| Defendant | : |

### MEMORANDUM OPINION

This matter is before the Court upon Defendant Ron E. Bumpass, Esq.'s Motion to Dismiss and/or Transfer Complaint for Improper Venue. For the reasons set forth below, Defendant's motion to transfer will be granted.

### BACKGROUND[1]

The present suit has its genesis in a federal tort claim action against the United States of America for injuries to Plaintiff allegedly arising from the negligence of the Transportation Safety Administration ("TSA") at the Arkansas Regional Airport. Plaintiffs are residents of Pennsylvania and reside in the Middle District; Defendant is an attorney whose business address is located in Fayetteville, Arkansas.

Following his alleged injury, Plaintiff secured Defendant to file a personal injury claim in accordance with the Federal Tort Claims Act, 28 U.S.C. § 1346, *et seq.* ("FTCA"). It is

---

[1] The facts contained in this section are taken from Plaintiffs' Complaint, ECF Dkt. 1.

alleged that Defendant failed to timely provide notice pursuant to the terms of the Act, thus violating the statute of limitations. Plaintiffs' claim notice was rejected by the TSA.

Plaintiffs then hired the Anzalone Law Offices in Wilkes-Barre, Pennsylvania, to prosecute their suit. Plaintiffs filed a personal injury action in the Middle District of Pennsylvania, and the suit was dismissed for failure to present a timely claim. Plaintiffs then initiated this legal malpractice action against Defendant. Plaintiffs argue that there is complete diversity, and that venue is proper in the Middle District of Pennsylvania.

## **STANDARD**

This matter is presented to the district court as a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Motions to dismiss for "improper venue generally require the court to accept as true the allegations of the pleadings." *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762 (M.D. Pa. 2005) (citing *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002); *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982)). "The parties may submit affidavits in support of their positions, and may stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge." *Heft*, 335 F. Supp. 2d at 762 (citing *Carteret Sav. Bank, F.A. v. Shushan*, 954 F.2d 141, 142 & n.1 (3d Cir. 1992); *Myers*, 695 F.2d at 724. "Whatever the nature of the parties' submissions, the court is bound to view the facts in the light most favorable to the plaintiff." *Id.* (citing *Carteret*, 954 F.2d at 142 & n.1; *Myers*, 695 F.2d at 724).

## DISCUSSION

Defendant's Motion sets forth two reasons as to why venue is proper in the Middle District of Pennsylvania: (1) the dismissal of Plaintiffs' suit against the TSA occurred in the Middle District, and thus the Middle District is the place of the malpractice injury; and (2) Plaintiffs are residents of Pennsylvania, and all of their experts and evidence are located within the Commonwealth. Both arguments fail as a matter of law.

In the underlying matter, Plaintiffs seek relief under the FTCA which contains separate venue provisions from those set forth at 28 U.S.C. § 1391. Specifically, the FTCA's venue provision mandates:

> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred.

28 U.S.C. 1402(b). Section 1402(b) governs venue in cases where the United States is the defendant. In Plaintiff's underlying FTCA case, the defendant is the United States Government, and the venue provisions of Section 1402(b) apply to the underlying FTCA claim.

Plaintiffs contend that a substantial part of the events or omissions giving rise to the present legal malpractice action similarly arose in the Middle District of Pennsylvania. Effectively, Plaintiffs assert that Judge Caputo's dismissal of the action in the Middle District was the actual harm they suffered, and therefore, the malpractice action is properly situated within this district.

3

While the FTCA venue provision would permit Plaintiffs to file their underlying lawsuit in the Middle District of Pennsylvania, the underlying case is wholly separate from the legal malpractice action *sub judice*. Cases from various jurisdictions lead the Court to the conclusion that proper venue for the legal malpractice action is not necessarily commensurate with proper venue in the underlying tort claim.

In *Coleman v. Gurwin*, 503 N.W.2d 435 (Mich. 1993), the Supreme Court of Michigan held that venue in a legal malpractice action is not premised upon the injury incurred in the underlying tort. *Id.* at 438. Similarly, in *McGuire v. Fitzsimmons*, 475 S.E.2d 132 (W. Va. 1996), the Supreme Court of West Virginia addressed venue in a similar legal malpractice claim and, relying upon *Coleman*, *supra*, held:

> Because W. Va. Code 56-1-1(a) [1986] allows a suit to be brought where "the cause of action arose," we find that in a legal malpractice suit the "cause of action" refers to the present, that is the legal malpractice suit, and not to the past or the underlying suit. We agree with the Michigan Supreme Court's finding that a "legal malpractice action arises solely in the county where the allegedly negligent legal representation occurred."

*McGuire*, 475 S.E.2d at 136 (internal citations omitted).

In *Knopick v. Connelly*, 639 F.3d 600 (3d Cir. 2011), the Third Circuit noted that a legal malpractice claim is triggered by the occurrence of the breach of duty, and not the underlying claim. *Id. at* 607 ("[t]he trigger for the accrual of a legal malpractice action is not the realization of actual loss, but the occurrence of a breach of duty").

Thus, 28 U.S.C. § 1391 is the applicable venue provision governing this case, not 28 U.S.C. § 1402(b), which would render venue proper based upon Plaintiffs' residency. Under

4

Section 1391(b), in matters where jurisdiction is based on diversity of citizenship, a plaintiff may bring a case in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b)(1)-(3). The "defendant[s] . . . bear the burden of showing improper venue." *Myers*, 695 F.2d at 724-25.

In the present matter, it is uncontested that Defendant does not reside in the Middle District of Pennsylvania, thus eliminating venue under Section 1391(b)(1). In accordance with the facts in Plaintiff's FTCA Complaint, the events underlying the present claim occurred in Arkansas, not Pennsylvania. (*See* Pls.' Compl. at ¶¶ 6-7, ECF Dkt. 1.) As discussed above, a proper determination of venue depends upon the location of the alleged malpractice and not the location of the underlying suit's venue.

To determine venue, it is "not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions' giving rise to the claim." *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994). When tortious conduct occurs in one district, the fact that harms are felt in another district is not enough to establish venue in the second jurisdiction. *See, e.g., Henshell Corp. v. Childerson*, 1999

WL 549027, at 3-4 (E.D. Pa. July 28, 1999)(venue proper in Delaware although some of the actions or omissions occurred in Eastern District of Pennsylvania).

Similarly, in *Loeb v. Bank of America*, 254 F. Supp. 2d 581 (E.D. Pa. 2003), the District Court held that correspondence and telephone calls made by an attorney to out of state clients were "woefully insufficient to establish venue" in a legal malpractice action. *Id.* at 586. In finding that these incidental contacts were insufficient to support venue, the Court transferred the malpractice matter to the District of Maryland where the malpractice actually occurred.

In the case at bar, Defendant did not solicit Plaintiffs' business in Pennsylvania, Defendant did not travel to Pennsylvania, Defendant is not admitted to practice law in Pennsylvania, and Defendant does not maintain a law practice or other business contacts within Pennsylvania. (*See* Affidavit of Ron E. Bumpass, ECF Dkt. 9, Exh. B.) Further, Defendant did not file the underlying action in a Pennsylvania court, nor did he purposely direct any activity toward the jurisdiction. Even if the Court were to assume that the Plaintiffs contracted with Defendant in Pennsylvania, such a minimum contact would not support venue under Section 1391(b)(2).

In *Henshell v. Childerston*, No. 99-2972, 1999 WL 549027 (E.D. Pa. July 28, 1999), an attorney representing a corporation in litigation in Delaware state court filed a late answer to a complaint, failed to pay imposed sanction, and failed to attend court hearings. A legal malpractice action followed in Pennsylvania. Finding that the attorney resided in

Delaware, and that few of the actions or omissions supporting the malpractice claim occurred in Pennsylvania, the District Court transferred the matter to Delaware. This is identical to facts in the present matter; accordingly, venue is improper in the Middle District of Pennsylvania pursuant to § 1391(b)(2). *See also Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 735 (S.D.N.Y. 1996)(venue for legal malpractice claim was only appropriate in districts where attorneys resided, or prepared and litigated the underlying action); *Berube v. Brister*, 140 F.R.D. 258, 260 (D.R.I. 1992)(venue improper in Rhode Island in a legal malpractice action against a Massachusetts law firm following that firm's representation in Massachusetts litigation concerning a fire occurring on property located in Massachusetts).

In the instant matter, however, venue in the Middle District of Pennsylvania is also improper under § 1391(b)(3). Pursuant to this section, venue is proper in "a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b)(3).

A determination of proper venue in this case turns on the court's personal jurisdiction over Defendant. Federal Rule of Civil Procedure 4(e) "authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state in which the court sits." *Library Publications v. Heartland Samplers, Inc.*, 825 F. Supp. 701, 703 (1993); *Pennzoil Prods. Co. v. Colelli Assocs.*, 149 F.3d 197, 200 (3d Cir. 1998). "The

Pennsylvania long-arm statute provides for the exercise of personal jurisdiction over a non-resident corporate defendants where: (1) the corporation maintains 'a continuous and systematic part of its general business' in Pennsylvania (42 Pa. C.S.A. § 5301(a)(2)(iii)); or (2) the cause of action arises from the defendant's contacts with Pennsylvania and the defendant has the 'most minimum contact' with Pennsylvania necessary under the due process clause of the Constitution (42 Pa. C.S.A. § 5322(b), (c))." *Id.*; *see also O'Connor v. Sandy Lane Hotel*, 496 F.3d 312, 316 (3d Cir. 2007)(jurisdiction may be established under the Pennsylvania long-arm statute even with the "most minimum contact" with the Commonwealth that comports with due process). Given that the Pennsylvania long-arm statute is co-extensive with Constitutional due process requirements, this court must determine whether personal "jurisdiction would conform with the Due Process Clause." *See Poole v. Sasson*, 122 F. Supp. 2d 556, 558 (E.D. Pa. 2000).

"Under the due process clause, a court may not exercise personal jurisdiction over a non-resident defendant unless there are certain minimum contacts between the defendant and the forum state." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984)(citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). The minimum contacts with the forum state must be "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)(quotation marks and internal citations omitted). A defendant has minimum

contacts when he purposefully directs his activities toward the residents of that state, which provides "fair warning" that he may be brought into court in that jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 105 S.Ct. 2174 (1985)("[m]ail and telephone communications sent by the defendant into the forum may count toward the minimum contacts that support jurisdiction"). In making a determination of whether to exercise personal jurisdiction, the court may only consider actions taken by the defendant individually. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 417, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)("Unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum state to justify an assertion of jurisdiction.").

Due process principles are reflected in the two recognized forms of personal jurisdiction—general and specific. *See Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). General and specific jurisdiction are "analytically distinct categories, not two points on a sliding scale." *O'Connor*, 496 F.3d at 321. To determine the proper application of personal jurisdiction, the court must engage in "specific analytical steps." *Pennzoil Prods.*, 149 F.3d at 200. As the Third Circuit held in *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434 (3d Cir. 1987), "the plaintiff must show significantly more than mere minimum contacts to establish general jurisdiction." *Id.* at 437. The standard to establish general jurisdiction is roughly approximate to finding a physical presence within the state,

although such "entrance" is not necessary. See *William Rosenstein & Sons Co. v. BBI Produce, Inc.*, 123 F. Supp. 2d 268, 274 (M.D. Pa. 2000).

In the present matter, Plaintiffs' Complaint fails to set forth contacts sufficient enough to establish general jurisdiction. Plaintiffs' Complaint further fails to establish any specific contact with Pennsylvania aside from the fact that Defendant represented Pennsylvania residents in an FTCA action in Arkansas. Plaintiffs hired an Arkansas based attorney to prosecute their claim. It would be improper for the Court to hold that such a relationship, by itself, constitutes an intentional direction of activity toward Pennsylvania warranting personal jurisdiction over Defendant. Further, this action is properly situated in the Western District of Arkansas, which precludes Plaintiff from establishing jurisdiction in the Middle District of Pennsylvania under Section 1391(b)(3) because that section only applies "if there is no district in which an action may otherwise be brought." See 28 U.S.C. § 1391(b)(3). Accordingly, venue is improper in the Middle District of Pennsylvania under Section 1392(b)(3).

## CONCLUSION

For the reasons set forth in this memorandum opinion, Defendant's Motion to Transfer to the Western District of Arkansas will be granted.

DATE: August 6, 2012

Robert D. Mariani
United States District Judge

10